THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER T. ALEXANDER,<br><br>            Plaintiff,<br><br>   v.<br><br>SIEMENS HEALTHINEERS, *et al.*,<br><br>            Defendants. | CASE NO. C21-0148-JCC<br><br>ORDER |

This matter comes before the Court on motion of Defendants Timothy Hauser, John Mathews, Siemens Healthineers, and Laura Timmons to dismiss (Dkt. No. 39) the amended complaint (Dkt. No. 24-1); in which Defendant Lincoln Financial Group joins (Dkt. No. 43); and Plaintiff's motion for partial summary judgment (Dkt. No. 45). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion to dismiss, GRANTS the motion to join the motion to dismiss, and DENIES the motion for partial summary judgment for the reasons explained below.

I.   **BACKGROUND**

Plaintiff Christopher Alexander filed a complaint for employment discrimination against Defendants Siemens Healthineers, HR Specialist Laura Timmons, Lincoln Financial Group ("Lincoln"), Direct Service Manager John Mathews, and Regional Service Manager Timothy Hauser. (*See* Dkt. No. 1.) Defendants Hauser, Mathews, Timmons, and Siemens Healthineers

moved to dismiss the complaint for lack of personal jurisdiction and failure to state a claim. (Dkt. No. 18 at 7–13.) Plaintiff filed a motion for leave to amend, which the Court granted. (Dkt. Nos. 24, 28.)

In his proposed amended complaint,[1] Plaintiff asserts employment discrimination claims under Title VII of the Civil Rights of 1964 ("Title VII") and violations of the Family Medical Leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"). (Dkt. No 24-1 at 3–4.)

He provides the following statement of his claim:

> I filed a Wage and Income Complaint with the State of Washington, due to my employer removing hours to reduce Overtime from my timecard. I also opened an investigation into a coworker who I believed was harassing a customer. I was subsequently denied promotion, belittled, intimidated, the target of malicious gossip, and eventually forced to leave the company. My Family Leave request was denied, by Laura Timmons, who was involved in all levels of the investigation. I was, in short, retaliated against in a systemic way, due to my complaints.

(*Id.* at 4.) Plaintiff also indicates that he filed a charge with the Equal Employment Opportunity Commission and Washington State Department of Labor. (*Id.* at 6.)

Defendants move to dismiss the proposed amended complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 41(b). (*See* Dkt. No. 39.) Plaintiff moves for partial summary judgment on his FMLA claims. (Dkt. No. 45 at 1.)

## II.   DISCUSSION

### A.   Motion to Dismiss under 12(b)(6)

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must

---

[1] Plaintiff has not complied with this Court's order to serve and file his amended complaint. Defendants address the proposed amended complaint, and this Court denied their previous motion to dismiss because the original complaint was no longer operative. (*See* Dkt. Nos. 28, 39.) Defendants request dismissal with prejudice and, as discussed *infra*, the Court agrees they are entitled to that relief. Despite Defendants' contention, dismissal under 41(b)(1) is not merited because Plaintiff has not been afforded an opportunity to demonstrate why his case should not be dismissed for failure to prosecute. LCR 41(b)(1). (Dkt. No. 39 at 6.) So, the Court will consider Defendants' motion rather than order Plaintiff to show cause. *See id.*

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff must provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Because Plaintiff is *pro se*, his pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). But he "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

By even the most lenient standards, Plaintiff fails to state a cognizable claim. He alleges no facts or arguments beyond the five-sentence passage quoted above. (*See* Dkt. No. 24-1.) Nor has he filed any further supporting documents.[2] These threadbare statements are not enough to make out any of the claims, as discussed below.

### 1. FMLA Claim

To establish a prima facie case under the FMLA, Plaintiff must establish that: "(1) he was

---

[2] Plaintiff's declaration related to his motion for summary judgment introduces two exhibits: a Washington Paid Family & Medical Leave Act "certificate of serious health form" sent to Defendant Lincoln and a copy of an email sent to Defendants Lincoln, Timmons, Hauser, and Mathews. (*See* Dkt. 46.) Neither document supports his claims. Plaintiff does not explain how the existence of this form proves any of his allegations. (*See id.* at 3–5.) In the email, Lincoln informs Plaintiff that he did not attach any documentation and explains how to attach supporting medical documentation. (*Id.* at 7.) This, if anything, demonstrates that as of September 30, 2020, Plaintiff had not sent adequate documentation to an assigned leave specialist.

eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Plaintiff has failed to allege facts sufficient to satisfy this standard. His sole allegation that his family leave request was denied does not allow the Court to reasonably infer that he was entitled to such leave. (*Id.*)

### 2. FLSA Claim

The FLSA makes it unlawful "to discharge [or take other adverse action against] . . . any employee because such employee has [among other things] filed any complaint . . . under or related to this chapter." 29 U.S.C. § 215(a)(3). Where a plaintiff relies on circumstantial evidence to prove that retaliatory animus motivated the employer to take an adverse employment action, she must proceed under the conventional burden shifting scheme articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To make out his FLSA case under the *McDonnell Douglas* scheme, a plaintiff must show that (1) he engaged in activities protected by the FLSA's anti-retaliation provision; (2) an adverse employment action was taken against him; and (3) his protected activities were a substantial motivating factor underlying the adverse employment action. *See Lambert v. Ackerley*, 180 F.3d 997, 1008 (9th Cir. 1999).

Once a plaintiff has established a prima facie case, the burden shifts to the employer to produce evidence of a legitimate reason for the adverse employment action. If the employer offers such a reason, the burden shifts back to the plaintiff to produce evidence that the employer's proffered reason for the challenged action is pretextual. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997).

Plaintiff alleges his employer retaliated against him after he complained that it removed hours to reduce overtime from his timecard. (Dkt. No. 24-1 at 4.) These allegations do not provide a basis to find retaliation was a substantial motivating factor in any adverse employment actions. But even if they were, his employer provides a legitimate reason for his departure from

the company which cannot be cured: he resigned.³ (*See* Dkt. No. 46 at 12.) Plaintiff thus fails to state a claim that Defendants violated the FLSA.

### 3.  Title VII Claim

A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to bringing suit under Title VII. 42 U.S.C. § 2000e–5(e). A claimant must file a civil lawsuit within 90 days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e–5(f)(1).

Plaintiff's proposed amended complaint indicates he received a notice-of-right-to-sue letter related to his EEOC charge on November 9, 2020. (Dkt. No. 94-1 at 6.) Plaintiff filed his initial complaint on February 4, 2021, within the 90-day window. But Plaintiff cannot assert Title VII claims that he did not assert in his EEOC charge until he has exhausted his administrative remedies as to those claims. 42 U.S.C. § 2000e *et seq.* In the charge, Plaintiff claimed only that Siemens Healthineers retaliated against him for filing a first charge of discrimination by restricting his job duties and mandating retraining. (Dkt. No. 40-6 at 2.).

Similar to his FLSA claim, if Plaintiff can establish a prima facie case by showing that: (1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision, then *McDonnell Douglas* burden-shifting is appropriate. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). But the Court finds he has not done this. He pleads no facts beyond conclusory allegations. *See Vasquez*, 487 F.3d at 1249. Further, the record indicates the

---

³ The Court considers, for the limited purpose of determining whether leave to amend would be futile, a resignation email sent by Plaintiff cited in his summary judgment declaration. (Dkt. No. 46 at 12.) It also takes judicial notice of several documents pursuant to Federal Rule of Evidence 201. First, a copy of what appears to be an unauthorized second amended complaint mailed to Defendants in which Plaintiff provides a timeline for alleged changes in job duties. (Dkt. Nos. 40 at 1; 40-1 at 11.) And second, Plaintiff's two EEOC charges and related right-to-sue notices. (*See* Dkt. Nos. 40-2, 40-4, 40-5, 40-6, 40-7.) The authenticity of these documents is not disputed. Further, the documents are essential to Plaintiff's claim and thus taking notice of them prevents plaintiff "from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), *superseded by statute on other grounds*.

changes in job duties occurred before he filed an EEOC charge, (*see* Dkt. No. 40-1 at 11), and retraining does not constitute an "adverse employment action" because it does not affect compensation, workplace conditions, responsibilities, or status. *See Kwesele v. King Cty.*, 2019 WL 266450, slip op. at 7 n.4 (W.D. Wash. 2019).

Accordingly, Plaintiff fails to state a Title VII claim upon which relief can be granted.[4]

Defendants request dismissal with prejudice. (Dkt. No. 39 at 27.) "Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (internal quotation marks omitted)). However, a court can still order dismissal with prejudice. *Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1135 (N.D. Cal. 2010). "[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (cleaned up).

Here, the Court finds that leave should not be granted to file a second amended complaint. For one thing, Plaintiff has failed to file his first amended complaint after being granted leave to do so. (*See* Dkt. No. 28.) Plaintiff's proposed amended complaint is materially the same as the initial complaint, as is the unauthorized further-amended complaint mailed to Defendants. (*Compare* Dkt. No. 1, *with* Dkt. Nos. 24-1, 40-1.) And while the Court's 12(b)(6) analysis naturally focused on Plaintiff's factual allegations, the Court notes that Defendants have proffered evidence establishing that amendment would be futile.[5] The complaint will be dismissed with prejudice.

**B.     Motion for Partial Summary Judgment**

---

[4] Because the Court finds the amended complaint should be dismissed with prejudice on Rule 12(b)(6) grounds, it declines to analyze Defendant's arguments under Rules 12(b)(2).

[5] See documents discussed *supra* at n.3.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). As the Court finds that Plaintiff's FMLA claim does not survive summary judgment, it follows that Plaintiff has not met his countervailing burden to show that he is entitled to judgment as a matter of law on the same.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the amended complaint (Dkt. No. 39), GRANTS Defendant Lincoln Financial Group's motion to join the motion to dismiss (Dkt. No. 43), and DENIES Plaintiff's motion for partial summary judgment (Dkt. No. 45). It is further ORDERED that Plaintiff's amended complaint (Dkt. No. 24-1) is DISMISSED with prejudice.

DATED this 4th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE